UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELLEN KANITZ,

        Plaintiff,

v.                                    Case Number 03-10180-BC
                                     Honorable David M. Lawson

HAROLD WHITE, M. COOKE,
OSBORNE, M. FREY, and
T. CRAIG,

        Defendants.

                                     CONSOLIDATED CASES

-and-

GORDON M. BUTLER,

        Plaintiff,

                                     Case Number 03-10322-BC

v.

HAROLD WHITE, M. COOKE,
OSBORNE, M. FREY, and
T. CRAIG,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF BUTLER'S
MOTION FOR RECONSIDERATION**

     This matter is before the Court on plaintiff Butler's request for clarification of this Court's November 22, 2005 opinion and order which, among other things, dismissed warden Harold White as a defendant to this action. Although the document is styled request for clarification, plaintiff Butler actually seeks reconsideration of the Court's decision dismissing defendant White. The plaintiff states that there is ample evidence of White's participation in the conspiracy including a visitor restriction letter that White authored and the timing of a January 2004 memorandum.

The Court will grant a motion for reconsideration only if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, the Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3). The Court has reviewed the motion and accompanying brief, and concludes that the issues raised either seek to relitigate matters already decided, or to present additional argument that should have been presented earlier. No palpable defect in the court's reasoning has been demonstrated.

Accordingly, it is **ORDERED** that plaintiff Butler's request for clarification [dkt # 47], construed as a motion for reconsideration, is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated: January 13, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2006.

                                       s/Tracy A. Jacobs  
                                       TRACY A. JACOBS